IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Patrick Johnson, | ) | CASE NO. 1:16 CV 326 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| Weltman, Weinberg & Reis, *et al.*, | ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

Plaintiff Patrick Johnson, proceeding *pro se*, has filed this civil rights action under 42 U.S.C. §1983 against the law firm of Weltman, Weinberg & Reis, and three of its lawyers, Eileen M. Bitterman, David A. Head, and Matthew M. Young (collectively, "the defendants"). He alleges the defendants are third-party debt collectors and deprived him of his constitutional rights under color of law by unlawfully garnished wages between January 29, 2012 and October 20, 2013. He seeks $1.8 million in damages.

The defendants have filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and12(b)(1). (Doc. No. 4.) They assert five grounds, including that the defendants are not state actors who may be sued under §1983. The only response the plaintiff has filed is a "Motion to Claim and Exercise Constitutional Rights," in which he asks the Court for judgment in his favor. (Doc. No. 5.)

For the reasons stated below, the defendants' motion to dismiss is granted and the plaintiff's motion for judgment is denied.

## Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief can be granted. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). To survive a dismissal under Rule 12(b)(6), the complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Federal pleading requirements do not require detailed factual allegations, but "it is still necessary that the complaint contain more than bare assertions or legal conclusions" to state a claim. *Id.* at 434. The complaint must allege sufficient facts to give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544 at 555.

Further, although pleadings and documents filed by *pro se* litigants are liberally construed and generally held to less stringent standards than formal pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments because, to do so, would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Analysis

The plaintiff has failed to allege a claim on which relief may be granted under §1983, which provides remedy only for constitutional deprivations caused by persons acting "under color of" state law. *See* 42 U.S.C. §1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) ("the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States"). The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, No. 07 CV 3684, 2008 WL 397588, at *3 (N.D. Ohio Feb. 11, 2008). A cause of action under §1983 does not exist against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). "An attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law." *Gillespie v. Madison*, No. 10 CV 1989, 2010 WL 4065395, at *1 (N.D. Ohio Oct. 15, 2010), quoting *Deal v. Massey & Associates*, 2010 WL 3397681, at *4 (E.D. Tenn. Aug. 26, 2010).

A private party may act under color of law only when its conduct is "fairly attributable" to the state. *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982). The plaintiff has not alleged facts suggesting the defendants engaged in such conduct.

### Conclusion

Accordingly, the defendants' motions to dismiss the plaintiff's complaint for failure to state a claim are granted; the plaintiff's motion for judgment in his favor is denied; and this action is dismissed.

IT IS SO ORDERED.

                                                       /s/ Donald C. Nugent
                                                      DONALD C. NUGENT
                                                      UNITED STATES DISTRICT JUDGE

Dated: April 25, 2016